**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LUKOVSKY, MUHAMMED KHAN, LARRY MITCHELL, ANTONIO HUGGINS, SAMSON ASRAT, ANATOLIY ZOLOTAREV, YEVGENIY SKURATOVSKY, and VLADIMIR VASILEVSKI, individually and on behalf of class members,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, JOHN SADORRA, RENATO SOLOMON, VERNON CRAWLEY, MICHAEL ELLIS, PHILLIP GINSBURG, and DORIS LANIER,<br><br>Defendants. | No. C 05-00389 WHA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

**INTRODUCTION**

In this employment-discrimination action alleging violations of 42 U.S.C. 1981 and 1983 and California Government Code Section 12940(k), plaintiffs move for class certification under FRCP 23 with respect to the Section 1981 claim. Plaintiffs do not move to certify a class for the alleged violation of Section 1983. At hearing on this motion, plaintiffs withdrew their request for certification of a Section 12940(k) class. As to the request to certify a Section 1981

1  class, this order finds that plaintiffs have not satisfied the requirements of FRCP 23. Plaintiffs'
2  motion is therefore **DENIED**. Defendants, however, are required to turn over all relevant
3  applications dating back to 2000 so that plaintiffs' counsel can contact potential plaintiffs.

## STATEMENT

Plaintiffs claim a deprivation of their civil rights under Section 1981 by defendants, who include the City and County of San Francisco and six city employees. Underlying this claim, plaintiffs allege that defendants discriminated on the basis of race by giving preferential treatment to Asian and Filipino applicants for the position of electrical-transit-system mechanic, or so-called "7371" positions, with the San Francisco Municipal Transportation Agency ("MUNI"). In 2001, defendants purportedly hired several Asian and Filipino applicants who did not meet the minimum qualifications for the job. Plaintiffs also contend that defendants failed to make information about 7371 openings available to potential candidates who were not Asian or Filipino. According to plaintiffs, this failure included not only flawed information about permanent openings in 2001, but also about provisional positions in 2000 that ultimately could have led to permanent 7371 positions.

In this motion, plaintiffs seek certification of the following class, asserting claims against all defendants, consisting of:

> (1) All applicants and deterred applicants in 2001 for 7371 positions who are not Asian or Filipino (pursuant to Section 1981).

Initially plaintiffs also sought certification for a class of all employees in MUNI's maintenance division subjected to MUNI's failure to take all reasonable steps necessary to prevent discrimination and harassment pursuant to Section 12940(k). At hearing on this motion, however, plaintiffs withdrew their request to certify this state-law class due to unfavorable case law from our circuit. This order, therefore, only considers plaintiffs' request to certify the Section 1981 class.

## ANALYSIS

**1.  LEGAL STANDARD.**

As a threshold matter, a motion for class certification must satisfy the prerequisites of FRCP 23(a). FRCP 23(a) provides:

2

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact in common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"The party seeking to maintain the action as a class suit must . . . establish a prima facie showing of each of the four certification prerequisites." *Conant v. McCaffrey*, 172 F.R.D. 681, 691 (N.D. Cal. 1997)(citation omitted). "The failure to carry this burden as to any one of the requirements precludes the maintenance of the lawsuit as a class action." *Ibid*.

### 2. SECTION 1981 CLASS.

The Section 1981 class is not sufficiently ascertainable. "Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679–680 (S.D. Cal. 1999)(citation omitted). "A class description is insufficient, however, if membership is contingent on the prospective member's state of mind." *Id*. at 679 (citation omitted).

As currently framed, plaintiff's Section 1981 class would include "potential applicants who are neither Asian nor Filipino, who would have applied had the vacancies been adequately announced" (Br. 3). This is not ascertainable. It is contingent on a state of mind. Any judgment would be meaningless. We would not know who was and was not bound by the result. The only ascertainable class would be those individuals who actually applied for 7371 positions in 2001 or related provisional positions that could have led to permanent 7371 positions.

Even if ascertainable, however, this more limited class cannot meet the practicability of joinder or numerosity requirement under FRCP 23. "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980).

3

In their moving papers, plaintiffs stated that "the core group of class members—non Asian and non Filipino applicants who were not hired for the 7371 position, is identifiable and constitutes approximately 25 class members" (Br. 11; Benay Decl. Exhs. B, I). During oral argument, plaintiff explained that this group is in fact 50. The higher total is reached by including applicants for related provisional positions dating back to 2000 that could have led to permanent 7371 positions. Defense counsel countered that such applicants from 2000 cannot be included because of the four-year statute of limitations for Section 1981 claims. Regardless of whether the number is 25 or 50, however, the proposed class does not satisfy the numerosity requirement of FRCP 23.

Although no "absolute limitations" are imposed by FRCP 23, this relatively small class size coupled with several other factors minimizes any problems with joinder. The identities and contact information for the class members are readily available from defendants' application files. These individuals presumably have ties to this geographic region given that they applied for work in San Francisco. Finally, the potential damages for the class members are significant. This alleviates any worry that, absent aggregation, a disincentive to expend resources to litigate exists. This order thus finds that joinder of the core of the Section 1981 class is not impracticable. Plaintiffs' request to certify the Section 1981 class is denied.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to certify a class based on violation of Section 1981 is **DENIED**. Defense counsel is ordered to turn over to plaintiffs' counsel the names and addresses of all applicants for 7371 positions and related provisional positions for the time period between 2000–2001 no later than **JANUARY 20, 2006 AT NOON**. Plaintiffs' counsel will submit a letter to these applicants alerting them to the existence of this litigation. In this letter, plaintiffs' counsel may indicate that she is willing to represent the former applicant, but must also indicate that the applicant may bring his or her own lawsuit with a different attorney and that the applicant may elect not to participate in this litigation at all. Plaintiffs' counsel must provide a draft of the notification letter for approval by the Court and defense counsel no later than **JANUARY 27, 2006 AT NOON**. The statute of limitations as to any

4

claims not eventually deemed barred at the time of the filing of the instant lawsuit will be tolled for **60 DAYS** from the date of the mailing of the notification letter. A further status conference is set on **MARCH 9, 2006 AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: January 17, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE