1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ALEX LUKOVSKY, MUHAMMED KHAN,          No. C 05-00389 WHA
     LARRY MITCHELL, ANTONIO HUGGINS,
11   SAMSON ASRAT, ANATOLIY ZOLOTAREV,
     YEVGENIY SKURATOVSKY, and VLADIMIR
12   VASILEVSKI,                            **ORDER DENYING MOTION
                                            REQUESTING LEAVE
13            Plaintiffs,                    TO FILE MOTION FOR
                                            RECONSIDERATION**
14       v.

15   CITY AND COUNTY OF SAN FRANCISCO,
     SAN FRANCISCO MUNICIPAL
16   TRANSPORTATION AGENCY, JOHN
     SADORRA, RENATO SOLOMON, VERNON
17   CRAWLEY, MICHAEL ELLIS, PHILLIP
     GINSBURG, and DORIS LANIER,
18
              Defendants.
19   _____/

20

21       In this employment-discrimination action, plaintiffs seek leave to file a motion to

22   reconsider an order issued April 24, 2006.  That order denied plaintiffs' motion for leave to file

23   a third amended complaint.  Because plaintiffs have not satisfied the requirements of Local Rule

24   7-9, plaintiffs' request for leave is **DENIED**.

25       To seek reconsideration of a prior ruling, a party must first obtain leave to file a motion.

26   Under Civil Local Rule 7-9, a party may seek leave to move for reconsideration of an order

27   issued before the entry of a judgment on all claims, if it meets the requirements outlined therein.

28   This rule, however, does not allow a party simply to relitigate an issue that has already been

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   argued and decided. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Moreover,

2   Rule 7-9(c) expressly prohibits a party from repeating arguments.  Plaintiffs have not met their

3   burden.  Plaintiffs merely rehash arguments they made in support of their earlier motion.  In

4   addition to what was said earlier, plaintiffs' arguments are adequately addressed below.

5          *First*, plaintiffs argue that they did not have to meet the Rule 16 standard for their

6   motion for leave to amend their complaint.  Plaintiffs contend that they are liberated from the

7   Rule 16 standard because the Court "told" plaintiffs to file a motion for leave to amend at a case

8   management conference on March 9, 2006.  The Court was merely informing plaintiffs that if

9   they were going to seek leave to amend, they should act quickly.  Plaintiffs had missed the

10  deadline for pleading amendments, thus the longer plaintiffs delayed the more likely their

11  motion would be denied under Rule 16.  The reality is that plaintiffs' motion papers ignored

12  Rule 16 altogether.  That was an error of law.

13         *Second*, plaintiffs argue that the April 24 order was erroneous in finding a lack of

14  diligence on the part of plaintiffs' counsel.  Plaintiffs' counsel, however, has not brought forth

15  any newly discovered evidence to support a finding of diligence.  Rather plaintiffs' instant

16  request for leave merely seeks to reargue the facts.  Local Rule 7-9 expressly forbids this.

17         *Finally*, plaintiffs argue that the defendants would not have been prejudiced by the

18  proposed amendment.  Again, plaintiffs simply ignore Rule 16.  The focus of the Rule 16

19  inquiry, as explained in the April 24 order, is on the moving party's diligence.  If there is a

20  determination of lack of diligence, the existence of prejudice is not required.  Thus even if the

21  Court agreed with plaintiffs' assessment of prejudice, which it does not, there still would be no

22  grounds to allow plaintiffs to file another amended complaint.

23         Plaintiffs' request for leave to file a motion for reconsideration is **DENIED**.

24

25         **IT IS SO ORDERED.**

26

27  Dated: May 10, 2006

28  _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE